# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Arts Dairy, LLC

Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 09-32386

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Claimants, Joseph and Jason Bockey, for an Order allowing Administrative Claim and Authorizing the Debtor to immediately pay the same pursuant to 11 U.S.C. § 503(b)(9). (Doc. No. 35). Objections thereto were filed by AgStar Financial Services, a creditor who asserts an interest in the estate's cash proceeds, and the Debtor, Arts Dairy, LLC. (Doc. No. 57 & 58).

At the Hearing held on this matter, the Parties agreed that the Claimants, Joseph and Jason Bockey, were entitled to an administrative expense under 11 U.S.C. § 503(b)(9), and that the amount of this administrative expense was $3,895.10. The Parties, however, submitted to the Court for resolution the question of whether the Claimants were entitled to receive immediate payment of their claim. For the reasons set forth below, the Court holds that they are not entitled to receive the immediate payment of their administrative claim.

## DISCUSSION

Section 503 provides for the allowance of nine separate categories of administrative expenses in bankruptcy. The importance of holding an administrative claim is derived from § 507(a)(2) which accords such an expense priority status in the distribution estate assets. A party may only hold an administrative expense if it is allowed by the court after the opportunity for notice and hearing. 11 U.S.C. § 503(a).

**In re: Arts Dairy, LLC**
**Case No. 09-32386**

In this matter, the Claimants, Joseph and Jason Bockey, put forth a right to an administrative expense under § 503(b)(9). This section provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–
>
>> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

This provision was added to the Bankruptcy Code in 2005. From its context, two policy goals can be gleaned from § 503(b)(9). First, it seeks to encourage trade creditors to continue to extend credit to a debtor potentially heading for bankruptcy. Conversely, it will discourage abuse by debtors who seek to acquire goods at a time when it is known that bankruptcy is imminent and that payment for the goods will not have to be tendered. 4 Collier on Bankruptcy ¶ 503.16 (15th ed. rev.2005).

To be entitled to an administrative expense claim under § 503(b)(9), it must be shown that: (1) goods were sold; (2) the goods must have been received by the debtor within 20 days prior to the commencement of the bankruptcy case; and (3) the goods must have been sold in the ordinary course of business. *In re Goody's Family Clothing Inc.*, 401 B.R. 131, 136 (Bankr. D.Del. 2009). After considering the record of this case, the Court agrees with the Parties that these requirements are satisfied and that the Claimants are entitled to an administrative claim in the amount of $3,895.10. The sole question before the Court, as presented by the Parties, thus becomes: Are the Claimants entitled to receive from the Debtor an immediate payment of their administrative claim?

Nothing in § 503(b)(9), or elsewhere in the in the Bankruptcy Code, explicitly authorizes the immediate payment of an administrative expense arising under § 503(b)(9). In fact, in a Chapter 11 case such as this, the Bankruptcy Code only affords an administrative claimant the right to receive payment at the concluding stage of the case, after plan confirmation. It is set forth in § 1129(a)(9) that, unless the holder of the claim has agreed otherwise, a debtor's plan must provide that the holder of an

**In re: Arts Dairy, LLC**
**Case No. 09-32386**

administrative expense receive payment on their claim "on the effective date of the plan." A plan can only become effective once it is confirmed by the court. *In re Prussia Assoc.*, 322 B.R. 572, 591 (Bankr. E.D.Pa.2005).

Notwithstanding, the § 1129(a)(9) requirement of paying administrative claims "on the effective date of the plan" has been interpreted as setting an outside limit, with nothing preventing a court from authorizing the payment of an administrative-expense claim earlier than the effective date of the debtor's plan of reorganization. *In Re Plastech Engineered Prods.*, 394 B.R. 147, 152 (Bankr. E.D. Mich. 2008) (the timing for payment of an administrative expense is left to the sound discretion of the court). In fact, in the instance of administrative claims arising from ordinary course of business payments, such as that made for wages and trade debt, it is generally accepted that such expenses will be paid when due, and not when the debtor's plan becomes effective.

When considering the propriety of authorizing an immediate payment to an administrative claimant, courts generally weigh three factors: (a) prejudice to the debtor; (b) hardship to the claimant; and (c) potential detriment to other creditors. *In re Garden Ridge Corporation*, 323 B.R. 136, 143 (Bankr. D.N.J. 2005).

Addressing these considerations in order, the record before the Court does not give any indication that the Debtor would be appreciably prejudiced if it were required to immediately pay the Claimants, Joseph and Jason Bockey, their administrative claim. The Debtor listed in its bankruptcy schedules almost $3,000,000.00 in assets and a gross income for the 12 months prior to filing of $4,642,476.76. The administrative claim sought by the Claimants, for $3,895.10, is a tiny fraction of these amounts. Given, therefore, this differential, it may be assumed that the ability of the Debtor to effectuate an effective plan of reorganization would not be noticeably impacted if it were required to immediately pay the Claimants their administrative claim.

09-32386-rls    Doc 80    FILED 06/19/09    ENTERED 06/19/09 14:39:47    Page 3 of 6

In re: Arts Dairy, LLC
Case No. 09-32386

This same consideration, however, also works against the Claimants. In evaluating whether an administrative claim is entitled to immediate payment, a court is to consider the hardship imposed on the claimant if such payment were not made. Although no direct evidence was provided as to the Claimants' financial situation, it can be assumed that, based upon the relatively small size of their administrative claim, any hardship imposed on the Claimants, if they were required to wait to receive payment on their claim, would be small.

Considering, therefore, that the timing of the payment of the Claimants' administrative expense will not have a significant impact on either the Debtor or the Claimants, the last consideration – the potential detriment to other creditors – becomes significant. In fact, under the circumstances as they exist in this matter, consideration of the potential impact on the Creditor, AgStar Financial Services, is both compelled by law and dispositive of this matter.

Bankruptcy law has codified the long-standing and well-established priority scheme whereby secured debts are generally entitled to be paid ahead of unsecured debts, and unsecured debts are entitled to a distribution of a debtor's assets ahead of the holders of equity interests. *See, e.g.*, 11 U.S.C. § 1129(b) (codifying absolute priority rule); § 725 (disposition of secured property) § 726 (distribution of estate property); § 507 (priority claims). *But see In re Chrysler LLC*, 405 B.R. 84, (Bankr. S.D.N.Y. 2009) (allowing sale of secured assets free and clear of claims of dissenting secured creditors). Based upon the Bankruptcy Code's priority scheme, the Supreme Court of the United States elucidated that, unless otherwise authorized by the Code, administrative expenses in bankruptcy, being unsecured debts, do not take priority over secured claims. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 5, 120 S. Ct. 1942, 1946, 147 L. Ed. 2d 1 (2000).

In this matter, AgStar Financial Services claims first priority mortgage liens and security interests in substantially all of the Debtor's assets – including cash proceeds, otherwise known as cash collateral. No party has been able to identify to the Court a source of funds, outside AgStar's interest in cash collateral, which would be presently available to pay the Claimants their administrative claim.

Page 4

In re: Arts Dairy, LLC
Case No. 09-32386

The use of AgStar's cash collateral will, therefore, be necessary to pay the Claimants their administrative claim.

Pursuant to § 363(c)(2), however, cash collateral may only be used to pay obligations of the debtor if either (1) the entities with an interest in the collateral consent to its use, or (2) the court authorizes its use. In this matter, the first prerequisite to the use of cash collateral is not applicable, with AgStar strongly objecting to the payment of the Claimants' administrative expense. (Doc. No. 57). The Court, as now explained, is also unwilling to authorize the Debtor to use cash collateral to immediately pay the administrative claim of the Claimants.

First, there is no compelling reason showing that the Claimants, Joseph and Jason Bockey, should be afforded favorable treatment over other similarly situated creditors. The Debtor, for example, did not identify the Claimants as a critical vendor, necessary for its reorganization.[1]

Second, nothing in this Court's prior order authorizing the use of cash collateral contemplates that administrative expenses would be immediately paid. AgStar had the right to rely on this Order. It follows, therefore, that if this Court were to suddenly change course, and allow the Debtor to use AgStar's cash collateral to immediately pay the administrative claim of the Claimants, AgStar would be significantly prejudiced. Finally, § 363(e) requires that a party, as a condition to the use of its cash collateral, may require that adequate protection be provided. In this case, the Debtor, by objecting to the Claimants' request for the immediate payment of their administrative expense, has clearly shown that it is unwilling to provide the necessary adequate protection.

---

[1] Some courts have permitted creditors, identified as critical vendors, to be paid their prepetition claims in full pursuant to § 363 on the theory that the vendor's continued relationship with the debtor is absolutely necessary for the debtor's continued business viability. For a complete discussion see Alan N. Resnick, *The Future of the Doctrine of Necessity and Critical-Vendor Payments in Chapter 11 Cases*, 47 B.C. L.Rev. 183, 205 (Dec. 2005).

Page 5

In re: Arts Dairy, LLC
Case No. 09-32386

For these reasons, the Claimants, Joseph and Jason Bockey, have failed to establish that they are entitled to the immediate payment of their administrative claim. Consequently, while they will be allowed an administrative claim for $3,895.10, the Claimants will only become entitled to receive payment on their claim when all other similarly situated claims also become entitled to receive payment. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, to the extent provided in this Decision, the Motion of the Claimants, Joseph and Jason Bockey, for an Order Allowing Administrative Claim, be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the Claimants, Joseph and Jason Bockey, are entitled to an administrative expense claim under 11 U.S.C. § 503(b)(9) in the amount of $3,895.10.

***IT IS FURTHER ORDERED*** that the Objections filed by AgStar Financial Services and the Debtor, Arts Dairy, LLC., to the Motion of the Claimants, Joseph and Jason Bockey, for an order authorizing the Debtor to immediately pay the administrative claim of the Claimants, be, and is hereby, SUSTAINED.

Dated: June 19, 2009

Richard L. Speer
United States
Bankruptcy Judge

Page 6

09-32386-rls    Doc 80    FILED 06/19/09    ENTERED 06/19/09 14:39:47    Page 6 of 6